### SPRAGUE v. TANGIER'S DEVELOPMENT CO.

(Supreme Court, Appellate Division, Second Department. October 11, 1912.)

Appeal from Trial Term, Kings County.

Action by William D. Sprague against the Tangier's Development Company. From an order refusing to advance the case to the day calendar, plaintiff appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Louis Salant, of New York City, for appellant.

PER CURIAM. Order reversed, without costs, and motion for preference granted.

JENKS, P. J., and THOMAS, CARR, and WOODWARD, JJ., concur.

HIRSCHBERG, J. (dissenting). I cannot concur in the decision which my learned associates are making in this case. The appeal is from an order made at the Trial Term of the Supreme Court in the county of Kings, denying the plaintiff's motion to advance the case as preferred to the day calendar for the 8th day of April, 1912. The action was at issue in November, 1911, and the motion was made under the Kings county calendar rule 10, which provides for a preference in actions brought to recover "for work, labor, and services." I am averse to unnecessary interference with the disposition of the calendars by the trial justices, and I think that, where any interference is made, it should be limited to cases in which the trial justice is unquestionably wrong. As he was clearly right in the present instance, I do not think he should be hampered by our interference.

The reason for the giving of preferences to actions brought to recover for work, labor, and services is obvious. While the services need not be manual, or the work menial or laborious, in the ordinary sense, the object of the preference is to give a speedy trial to those who otherwise might be deprived, for a long period, of money needed for their daily sustenance. It is the individual who is receiving either wages or a salary for his work, whether physical or mental, who is protected by the rule in question. It is the *daily worker,* as such, the

man who is dependent on the stipulated stipend, whether by the day, week, or month, for his support, who is protected by the rule, and who, because of the needs of his position, is enabled by the preference to try his case sooner than he would otherwise be able to do, thereby shortening the period of delay which would deprive him of his accustomed pay. As was pointed out by Mr. Justice Putnam, in denying a similar motion in the case of St. John v. Kloppenberg, New York Law Journal, October 25, 1911, the provision under consideration was inserted in rule 10 in place of the former rule, preferring "any action on contract," thereby limiting the preference to claims of ordinary employés, in analogy to the corresponding rule of preference in the First Department, viz., calendar rule 5, relating to "wages, salary, or compensation for services."

In the case at bar the action is brought to recover a balance claimed to be due to the plaintiff under a contract with the defendant, by which the plaintiff was to sell for the defendant certain lots and plots of real estate on Long Island from time to time, and certain bonds, at the agreed compensation of a commission of 10 per cent. of the net purchase price; the first payment on each purchase apparently being 20 per cent. of the purchase price, and the plaintiff to be paid by receiving one-half of the first moneys received on each sale. The contract was carried out at various times during the period intervening the month of September, 1910, and the 13th day of June, 1911, during which time the plaintiff claims to have sold a large number of lots and plots of real estate and also a large number of bonds. He alleges that his agreed commissions amounted to the sum of $9,960, of which only the sum of $2,435 has been paid, leaving due and owing the balance of $7,525, to recover which the suit is brought. Although the plaintiff alleges in his affidavit accompanying the motion papers that he worked during that period exclusively for the defendant and in the office of the defendant, I think the nature of his claim as a real estate and bond broker, together with the large amount involved, the numerous items of the claim, and the long period of time during which the account was permitted to run, suggesting the possibility of a trial by reference, suffice to remove the case from the class of wage-earners, for whose protection the rule in question is designed.

There is, however, an additional reason, and to my mind a conclusive one, why the learned justice at the Trial Term was right in denying the application for the preference. By the very express terms of the plaintiff's contract, he was to receive nothing for his work, labor, and services. He was to be paid for results, and results only. In other words, it was the *fruition* of his labor, and not the *endeavor,* which was to be compensated. In a strict sense, he was not to be paid by the defendant at all, excepting in the sense that he was entitled under the contract to one-half of each specific first payment made on a sale, and the defendant agreed to give him that specific money. He was to receive a limited pro rata share of a joint enterprise, in character, although not in extent, like a share in the profits of a partnership. But for his labor, *as such,* he was to receive nothing. In this respect he differs materially and substantially from the salesman, who

is to be paid for his work in a store, whether or not he succeeds in making sales. In the case at bar the plaintiff, though he might work day and night, week after week, to sell a plot of ground of small value, if he failed to make the sale, would receive nothing for his long period of work, labor, and services; on the other hand, if he succeeded in making a sale of a valuable piece of property in a short time, he would receive a large sum of money out of the purchase price, this because his pay was based exclusively upon the result, and was not to be measured by the labor involved, the amount of work devoted to it, or the extent of the services required. In view of these undisputed facts, it is a very strange and distorted construction of his contract to say that he is suing for wages as such, or for compensation based upon and designed to remunerate him specifically for his work, labor, and services.

The precise nature of the plaintiff's cause of action, as stated in the complaint, is very clear. It is for money had and received. The defendant has received the money which it was to give to the plaintiff for his commissions. It is conceded that the money has been demanded, and payment refused. It has therefore been converted by the defendant, and with the insertion of an appropriate allegation to that effect in the complaint, the action would be in tort for such conversion.

I vote to affirm.

---

SCHREIBER v. SCHOMACKER PIANO FORTE MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. October 25, 1912.)

1. BANKRUPTCY (§ 435*)—NONCOMPLIANCE WITH JUDGMENT—EXCUSE—PLEADING.

Where judgment was rendered against defendant corporation by default in sequestration proceedings in a suit for divorce, restraining payment of the corporation's bonds or coupons to any other person than plaintiff, and requiring payment of the coupons to him, refusal to make such payment is not excused because the corporation had been adjudged bankrupt prior to rendition of such judgment; a discharge in bankruptcy not having been pleaded.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 824–829; Dec. Dig. § 435.*]

2. DIVORCE (§ 266*)—JUDGMENT—COMPLIANCE.

A corporation, which was ordered, in sequestration proceedings in a suit for divorce, to pay certain interest coupons to plaintiff, had no right to demand security against its being required to pay to another person.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 741; Dec. Dig. § 266.*]

3. CONTEMPT (§ 29*)—PUNISHMENT.

A corporation may be fined, and its president may be punished, for contempt of court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 86–90; Dec. Dig. § 29.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes